STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
WILFREDO CABRERRA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     PLAINTIFF, <br><br> v. <br><br> WILFREDO CABRERRA, <br>     DEFENDANT. | CR 19-452 WHO <br><br> DEFENDANT'S SENTENCING MEMORANDUM <br><br> HONORABLE WILLIAM H. ORRICK <br> DATE: FEB. 6, 2020 <br> TIME: 1:30 P.M. |

**INTRODUCTION**

Wilfredo Cabrerra comes before the Court for sentencing, have pled guilty to a single violation of 21 U.S.C. § 841 for selling $17.00 worth of heroin to an undercover officer in the Tenderloin. Mr. Cabrerra is 51 years old, in poor health, and addicted to drugs himself. A sentence of credit for time served would be sufficient to achieve the goals of sentencing with respect to him.

**DISCUSSION**

Mr. Cabrerra should be sentenced to credit for time served. Although the advisory Sentencing Guidelines recommend a sentence between 8-14 months, this range falls within Zone B of the sentencing table. U.S.S.G. § 2D1.1, 5C1.1(e) Zone B allows for substitution of home confinement or halfway house placement for any term of custody over one month. USSG § 5C1.1(e); PSR ¶ 61. Thus, even the advisory Guidelines do not necessarily require further imprisonment for Mr. Cabrerra.[1] Consideration of the factors enumerated in 18 U.S.C. § 3553(a), further compels the conclusion that a variance from the advisory Guideline range is warranted.

When Wilfredo Cabrerra finished the sixth grade he stopped going to school because his family could no longer afford it. He started working in the fields with his father at the age of 12. At 23, he left home to come to the United State, where he worked and sent money home to his family every two weeks. Since then, he has been travelling back and forth between the United States and Honduras, where he has a wife and two grown children. Mr. Cabrerra continued sending his elderly father $500 every month until his father died in November of 2019 (while Mr. Cabrerra was in custody for this offense). Now Mr. Cabrerra is 51 years old. He has lost his hearing in one ear and is losing his vision. Upon his release, Mr. Cabrerra will return to Honduras to be with his family and farm a small plot of land his father left him. PSR¶¶ 37-49, 54. His history and characteristics thus warrant a downward variance under 18 U.S.C. § 3553(a)(1).

---

[1] Because of his immigration status, Mr. Cabrerra cannot take advantage of either of the custody alternatives proposed by the Guidelines.

CR 19-452 WHO
Defendant's Sentencing Memorandum

2

The nature and circumstances of this offense similarly support a variance from the advisory guideline range. *See* 18 U.S.C. § 3553(a)(1). Mr. Cabrerra sold two bindles of heroin to an undercover officer in the Tenderloin for $17.00. PSR ¶ 6. He did so to support his own drug addiction. PSR ¶ 52. Mr. Cabrerra has already been in custody for a little over four months. Once he is released, he will return to Honduras, where he will have the family support to finally address his addiction issues. He will not return to this country.

### CONCLUSION

Mr. Cabrerra is 51 years old, nearly deaf, and losing his vision. Upon his release from custody in this case he will be deported to Honduras, where he has a small plot of land, a wife, and two grown children. A sentence of credit for time served is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a) in this case.

Dated: January 30, 2020

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

   /S/
ELLEN V. LEONIDA
Assistant Federal Public Defender

CR 19-452 WHO
Defendant's Sentencing Memorandum

3